UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEATRA HARPER, et al.,
    Plaintiffs,
v.

Civil Action 2:14-cv-2539
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

MUSKINGUM WATERSHED
CONSERVANCY DISTRICT, et al.,
    Defendants.

OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 17). For the reasons that follow, the motion is **GRANTED**.

I. BACKGROUND

This action stems from the Muskingum Watershed Conservancy District's ("MWCD") alleged improper lease of subsurface mineral rights to Antero Resources Appalachian Corporation for extraction by fracking. Plaintiffs own real property within the boundaries of MWCD and allege that fracking in the area has injured them and threatens further imminent injury.

In October 2013, Plaintiffs sued MWCD, Antero, and the Ohio Department of Natural Resources in the Franklin County Court of Common Pleas. (ECF No. 1-3). They alleged that "[l]easing of MWCD lands for exploitation of minerals via horizontal hydraulic fracking extraction is not enumerated within the statutory powers of Defendant MWCD which are expressed in O.R.C. Chapter 6101." (Second Am. Compl. ¶¶ 14-18.) Also, they alleged that MWCD's lease with Antero triggered a reverter clause in a 1949 deed that transferred land from the United States to MWCD, and thus the United States now owns the property. (*Id.* ¶¶ 20-23.)

1

Intervening-Defendant Eclipse Resources I moved to dismiss the case, arguing that the United States was an indispensable party in light of the Plaintiffs' reversion arguments but had not been named a defendant. (ECF No. 1-75.) Subsequently, the parties entered an agreement to allow Plaintiffs to amend their complaint and name the United States as a defendant. (ECF No. 1-93.) Plaintiffs filed an amended complaint in November 2014 (ECF No. 7), and the defendants removed this case to this Court the next month. (ECF No. 1.)

Now, Plaintiffs move to dismiss this lawsuit without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) so that they may pursue their state-law claims in state court. (ECF No. 17.) Defendants oppose the motion.

## II. STANDARD

Because Defendants filed answers and refuse to consent to dismissal, Plaintiffs may voluntarily dismiss this action only "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41 exists primarily to protect the interests of the defendant, but courts should consider the equities of dismissal as applied to all parties. *See* James Wm. Moore et al., 8 *Moore's Federal Practice* § 41.40[5][A] (3d ed. 2011). Whether to grant a plaintiff's request under Rule 41(a)(2) falls under the "sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal–MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

Dismissal pursuant to Rule 41(a)(2) is improper when the nonmoving party would suffer "plain legal prejudice" as a result. *Grover*, 33 F.3d at 718. In determining whether "plain legal prejudice" results, the Court considers: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3)

2

insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) whether a motion for summary judgment is pending. *See Bridgeport Music,* 583 F.3d at 953; *see also Rivera v. DePuy Orthopaedics, Inc.,* Case No. 3:10 DP 20060, 2011 WL 4368981, at *2-3 (N.D. Ohio Sept. 19, 2011) (citing *Cone v. W. Va. Pulp & Paper Co.,* 330 U.S. 212, 217 (1947) and *Graver,* 33 F.3d at 718). "The mere prospect of having to face a second lawsuit" is not the type of prejudice that Rule 41(a)(2) addresses. *Jones v. W. Reserve Transit Auth.,* 455 F. App'x 640, 643 (6th Cir. 2012).

### III. DISCUSSION

Defendants assert that they will suffer plain legal prejudice if the Court allows dismissal. Viewing the case's facts through the lens described above, the Court disagrees.

**a. Efforts and Expense**

Defendants maintain that they have exerted effort and incurred expenses in preparing for trial. Though Defendants expended effort on conducting discovery and drafting motions, all of these motions were filed in state court. And the docket reflects that this case has remained calm since arriving at this Court. Defendants do not argue that their discovery and motions will be useless should this case return to state court on Plaintiff's state-law claims. And, the Court sees no reason why this material would not be re-used. (*See, e.g.,* Mot. Dismiss at 5-8; ECF No. 12 (arguing lack of standing); Mot. Dismiss at 6-8; ECF No. 10 (same and moving for reconsideration earlier state-court decision).) Thus, Defendants' previous efforts in this suit do not warrant denying Plaintiffs' motion. *See Rosenthal v. Bridgestone/Firestone, Inc.,* 217 F. App'x 498, 502 (6th Cir. 2007) (affirming dismissal because much of the defendants' effort and expense would be useful in a subsequent state action); *see also Cogent Solutions Grp., LLC v. Brown,* No. 2:12-CV-665, 2013 WL 6116052, at *6 (S.D. Ohio Nov. 20, 2013) ("A final point

cuts against a finding of plain legal prejudice—it appears that much of the effort and expense devoted to this case would be useful in a subsequently filed action.") (internal quotation marks omitted).

To the extent Defendants assert that they faced significant cost because of a looming trial date, the Court finds this unpersuasive. (ECF No. 19 at 3.) Though the trial date was approaching, it was Defendants who removed the case in December 2014. And when removed, several procedural motions remained pending. Plaintiffs maintain that "the case was realistically nowhere near trial" (ECF No. 22 at 3), and Defendants do not challenge this characterization.

**b. Delay in Prosecution**

Defendants also charge Plaintiffs with delay in prosecuting this case. (ECF No. 19 at 4.) After Intervenor-Defendant Eclipse Resources I moved to dismiss the case for not naming the United States as a defendant, the parties agreed to allow Plaintiffs to amend their complaint. Defendants protest that Plaintiffs did not file their Second Amended Complaint until November 2014 when the parties agreed that the complaint would be filed by the end of September 2014. But the Court does not find this one-month delay "*excessive.*" *See Bridgeport Music*, 583 F.3d at 953 (emphasis added). Indeed, though the parties anticipated the addition of the United States, MWCD took the maximum time after service of the amendment to file its notice of removal.

And, Defendants press that Plaintiffs could have dismissed their federal claims at any time from July 2014—when they asked for leave to file an amended complaint to add the United States as a party—until this case was removed. True, but Plaintiffs promptly moved to dismiss the case once it got here. The Court again finds no excessive delay that shows plain legal prejudice.

#### c. Explanation

Next, Defendants charge Plaintiffs with insufficiently explaining a need for dismissal. Though Plaintiffs initially did not offer a reason for dismissal other than to re-file their state claims in state court, they subsequently explained that they filed a separate Qui Tam action in the Northern District of Ohio that also included the reversion issue involving the United States and thus seek "to avoid the anomaly of conflicting rulings." (ECF No. 22 at 10.) Moreover, Plaintiffs press that because MWCD's legal authority to enter the lease with Antero "involves interpretation of Ohio law, alone, it appears that there is some likelihood that this Court, if it were to retain jurisdiction, would certify the state-law question to the Ohio Supreme Court." (ECF No. 29 at 2.)

Nevertheless, Defendants highlight that Plaintiffs seek to refile their state claims in state court and thus accuse them of forum shopping. (ECF No. 20 at 8.) But "even if Plaintiffs did plan to re-file this action in state court and, in essence, were forum shopping, their actions do not constitute pure legal prejudice." *Lester v. Wow Car Co.*, No. 2:11-CV-850, 2012 WL 1758019, at *3 (S.D. Ohio May 16, 2012); *Pharmacia & Upjohn Co. v. Generation Health*, No. 1, 1998 WL 993658, at *4 (W.D. Mich. May 18, 1998) ("[E]ven though P & U's actions suggest that it is indeed forum shopping, this factor does not, when considered with all of the other relevant factors present in this case, establish the plain legal prejudice . . . ."); *cf. Cogent Solutions Grp.*, 2013 WL 6116052, at *9 ("While important, the explanation-for-dismissal factor does not control the analysis of a motion to dismiss under Rule 41(a)(2).").

Defendants next assert that even if the case is refiled, the United States will remain an indispensable party and so they will again remove the case. (ECF No. 20 at 6.) But Plaintiffs wish to drop the reversion argument that implicates the United States. Instead, they press that

5

MWCD never had the power under Chapter 6101 of the Ohio Revised Code to enter into the lease with Antero regardless of who deeded the land to MWCD. Without the reversion argument, the Court discerns no reason for the United States to be a part of this lawsuit.

Still, if "a [subsequent] state-court lawsuit challeng[es] the Lease," Defendants warn that *they* "will assert the reversion issue as a declaratory judgment action to provide certainty on the issue." (ECF No. 25 at 3.) But Plaintiffs wish to drop the issue that supplies this Court's jurisdiction. To the extent that Defendants would raise that issue on their own to remove the case once more, they decline to explain how they can circumvent the well-pleaded complaint rule, "which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In any event, Defendants acknowledge that the "Qui Tam suit . . . specifically puts the reversion issue at the forefront of that case" (ECF No. 25 at 3), and thus that lawsuit should provide Defendants the certainty that they seek.

Last, Defendants highlight that Plaintiffs' counsel failed to abide by S.D. Ohio Civ. R. 7.3(a) and (b) and initially failed to appropriately brief its motion under S.D. Ohio Civ. R. 7.2(a)(1). Fair enough. The Court takes a dim view of these initial practices. But the Court allowed supplemental briefing on Plaintiffs' motion that allowed the parties to clarify their positions. (ECF No. 24.) And, the Court discerns no "plain legal prejudice" from these early mistakes.

**d. Summary Judgment**

Neither party has moved for summary judgment. And, the pending motions were all filed in state court. This factor weighs in Plaintiffs' favor.

## IV. CONCLUSION

Having considered the relevant factors outlined above, the Court **GRANTS** Plaintiff's Motion to Dismiss without Prejudice (ECF No. 17).

**IT IS SO ORDERED.**

5-4-2015
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**